**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| GLENN G. GOLDBERG, | : | |
| Plaintiff, | : | Civil Action No. 04-3901(KSH) |
| v. | : | **OPINION** |
| COUNTY OF ESSEX; ESSEX COUNTY COUNSEL'S OFFICE; ESSEX COUNTY OFFICE OF HUMAN RESOURCES; ESSEX COUNTY PROSECUTOR'S OFFICE; FRANCIS J. GIANTOMASI, ESSEX COUNTY COUNSEL, individually and in his official capacity; CHRISTOPHER J. DURKIN, ESSEX COUNTY DIRECTOR OF OFFICE OF HUMAN RESOURCES, individually and in his official capacity; JOSEPH N. DIVINCENZO, JR., ESSEX COUNTY EXECUTIVE, individually and in his official capacity; and OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, in its official capacity only, | : | |
| Defendants. | : | |

---

**KATHARINE S. HAYDEN, U.S.D.J.**

The parties have asked the Court to render a decision on what constitutes reasonable attorneys' fees payable by defendants in favor of plaintiff in this settled case. The Court considers its determination of "reasonableness" to be cabined by the attorneys' fees terms of a Stipulation of

1

Settlement that plaintiff Glenn G. Goldberg ("Goldberg") and defendants have signed through counsel. The Stipulation sets forth that the Court "shall in a non-appealable ruling determine a reasonable attorneys fee in plaintiff's favor by virtue of his recovery in this matter." The Stipulation states further that the "fee will be contract-based," in the sense that the Court will "interpret and enforce the attorneys-fee portions of this settlement agreement." The Stipulation specifies what the Court will consider in reaching its determination:

> 2. The reasonable attorneys' fee will be determined in accordance with the following terms:
> a. All time spent either by either the Firm of Alpert Goldberg Butler Norton & Peach, P.C. or Plaintiff (including Plaintiff's *pro se* efforts beginning when the controversy arose on June 30, 2003) may be considered by Judge Hayden toward the total. Defendants can contest whether the time was reasonably spent. Defendants may also raise an issue as to whether the time spent by Plaintiff was attorney time or instead the equivalent of client conduct; Plaintiff may resist that issue on any all grounds.
> . . .
> c. Scarinci & Hollenbeck have provided to Plaintiff copies of its bills (redacted of any privilege or work product material), receipt of which is hereby acknowledged by Plaintiff. Plaintiff may also make arguments based on any legal services or legal bills revealed by public records to have been spent by the law firm of Genova, Burns, and Vernoia, LLC, as labor counsel for Defendant County of Essex, and/or may argue that there is an inference that the amounts of those services or bills, or of Defendants' likely fees in the aggregate, would support the amount of Plaintiff's fee claims. Defendants may make any counter-arguments they wish.
> d. In consideration for the other mutual covenants of this Stipulation of Settlement, Plaintiff waives any claim to a fee enhancement; the parties are requesting that Judge Hayden determine the reasonable lodestar.

The Court does not consider the billing rates set forth by the attorneys whose fees are requested in this application to be unreasonable. The Court therefore begins its analysis by examining the amount indicated by plaintiff as the reasonable lodestar amount, which is $272,703.88. (Pl. Reply at 15.) This amount does not reflect the 10% discount offered as a

2

billing courtesy by the Alpert firm, or fees related to the oral argument held on May 2, 2005.

Defendants argue that time spent by Goldberg up until the Alpert firm began its representation of him is not recoverable. The Court disagrees. The Court finds that the number of hours set forth in the Goldberg Declaration represents an honest and accurate recital of the hours Goldberg spent in attempting to get his accrued vacation pay, and excludes visits he made for the purpose of meeting with officials and obtaining records. See initial entries in the billing attachments. There does not appear to be any dispute that defendants did not engage with Goldberg in a discussion or negotiation regarding his entitlement to fees. He was thrust on his own to try to recover what he believed was his due, and to that extent, calling his efforts "a crusade," while colorful and meant to be less than complimentary, is not entirely untrue as applied in its positive sense to Goldberg's efforts. Ultimately Goldberg did recover 134% of the amount he sought. The hours are faithfully recorded and should be compensated.[1]

The defendants argue that there is a downside to Goldberg's position, however. They say that Goldberg's work if credited as he wants it to be – in other words, as a seasoned attorney's careful investigation of defendants' conduct that formed the factual basis of the Complaint and a careful legal analysis of available relief that informed the legal basis of the Complaint – then the the time billed by plaintiff and the Alpert Firm for the "investigation and preparation of the complaint and amendments and preparing for initial conference" – which added up to $58,126.25 according to the Reply Brief, p. 8 – is unreasonably high. There is support for this position.

---

[1] The Court disagrees with defendants that some of Goldberg's hours were spent on "clerical tasks" and should not be compensated. The nature of what he was doing in undertaking to investigate and shape a lawsuit, and the requirement that he be discriminating in what he was collecting and reviewing and duplicating, support his position that this was not ministerial work.

- At oral argument, Clark Alpert defended portions of his billed-for time as the result of his "neuroses" and perfectionism. Defendants should not have to pay for his style.

- Goldberg's billing records show entries indicating he too worked on revisions and conferences devoted to these Complaints at the same time he defends his many hours before hiring the Alpert firm as devoted to researching and factually supporting the Complaints. It is difficult to reconcile compensating Goldberg in full and the Alpert firm in full.

- The combined efforts of the various attorneys in the Alpert firm aside from Goldberg who worked on the Complaints, if not duplicative, must at least be viewed as leading in many different directions, not all of which found expression in the Complaint and preparation for the initial conference. In this respect, the $58,126.25 represents more man hours than defendants should compensate the firm for.

The Court will reduce the firm billings between June, 2004 and November, 2004, which the plaintiff's papers calculate to be $58, 126.25, by 40%, which amounts to a reduction of $23,250.50.

There is also support for another position pressed by defendants. While the Court rejects their characterization of Goldberg's activities before the Alpert firm came into the case as "client conduct," it agrees that at some point it is more reasonable to consider him to be a client who happens to be a lawyer, and not the other way around. The Court fixes that point as occurring when settlement became the sole focus of the case, which happened after the November 16, 2004

conference. Following that event, the relationship between Goldberg and the Alpert firm more properly can be viewed as that of client and lawyer, around which the settlement process was built. Recognizing that Goldberg did participate in the preparation of the fee application in an active way, and made an eloquent statement during the oral argument, the Court is nonetheless disinclined to parse billing records to try to discern which Goldberg entry in the fee application effort is more "client-like" as opposed to "lawyer-like." The case had become fee reimbursement litigation at that stage, and Goldberg was the client seeking legal fees. To the extent he was both seeking and creating legal fees, the Court is not persuaded that his portion of legal fees incurred after November 16th should be paid by the defendants. As a result, the Court has eliminated the time billed by Glenn Goldberg after the initial settlement conference with Judge Shwartz, a total of 54.9 hours (26.9 hours as indicated in the Alpert Declaration and 28.0 hours as indicated in the Alpert Reply Declaration). At $375 per hour, this totals $20,587.50.

Applying these reductions to the total billings of $272,703.88, this leaves a balance of $228,865.88. After applying the 10% discount offered by the Alpert firm, the balance becomes $205,979.29.

Defendants have argued in their opposition and before this Court on May 2nd, that the legal fees sought are manifestly and unreasonably in excess of the amount at issue between the parties when suit was filed. It was quickly determined by all that the amount at issue, Goldberg's vacation pay, was approximately $111,000. Even with the foregoing reductions and discount, the balance of almost $206,000 exceeds the disputed amount by almost $100,000, which according to defendants satisfies anyone's definition of unreasonableness. But the Court finds justification for a legal fee in excess of Goldberg's withheld entitlements for a number of reasons:

5

- The record supports Goldberg's claim that until a Complaint was filed, the defendants stonewalled attempts to resolve the issue. That outside counsel was retained by the County certainly supports Goldberg's characterization of his efforts as quickly turning purely "legal"; this occurred in November 2003, within months after Goldberg began exploring why he was not being paid for accrued vacation time. The stonewalling persisted while Goldberg pursued a variety of efforts, investigatory, legal, scholarly, to pierce the resistance. The many months leading to the filing of the Complaint generated a substantial amount of time the Court views as compensable and attributable to what defendants chose not to do, as opposed to what plaintiff was unnecessarily doing.

- The Court further notes that the total hours billed by plaintiff and the Alpert Firm total 455.67 hours (without discounting any hours) and the total hours billed by defendants (adding up the time spent by Scarinci & Hollenbeck, LLC and Genova, Burns and Vernoia) total 488.8 hours. While defendants complain that it was plaintiff's actions that required a labor-intensive defense, there is truth in plaintiff's response that framing the issues and undertaking the burden of suit can be expected to produce more billable hours, not less.

- Almost half of plaintiff's application for fees reflects time spent in the fee application. The Court has noted the high quality of plaintiff's submissions and the usefulness of a full exposition of the facts behind the time spent. The Court agrees with plaintiff that no realistic alternative exists to explain the fees without a relatively full exposition of the efforts behind them given the task assigned to the

> Court by the Stipulation.

! Defendants agreed to submit the issue of fees to the Court, and agreed to the factors governing the Court's determination. In so doing, defendants undertook further litigation by crafting what amounts to quasi-arbitration within the Stipulation, bounded by a non-appealable decision and a "behind the scenes" high/low agreement. This protection, and the cap against protracted litigation, along with the factors specified in ¶2(a) and (b), all suggest that the parties were fully aware that a substantial amount of money was being sought and could be recovered.

That said, this is still a substantial recovery for fees in a case that was actively litigated for a fairly contained period, did not involve hearings or much formal discovery, and settled promptly once the parties met with the Magistrate Judge. In evaluating, finally, the reasonableness of the fee, the Court believes that one point stressed by Mr. Alpert should be reckoned with, specifically his claim that it was the intention of both sides that the recovery of fees would bring the monetary settlement up to a level that fairly compensated Goldberg as prevailing on many of the legal claims asserted in the Complaints. While this may be disputed by defendants, it is nonetheless the plaintiff's position. He supports it by pointing out that the ultimate amount paid by the defendants exceeds the vacation pay he was seeking – according to Goldberg for unknown reasons. Accepting this, the Court believes it is fair to credit the extra and unexplained amount of $37,547.65 paid by defendants pursuant to the Stipulation, toward the fees awarded pursuant to this decision.

In conclusion, the Court determines that defendants' shall pay, by and as a reasonable

attorneys' fee to plaintiff in connection with his personal legal work and the legal services rendered by the Alpert firm, the sum of $205,979.29 against which defendants shall be credited $37,547.65.

    The costs applied for $3,057.18 are reasonable and shall be paid in addition.  In the pleadings and in his letter to the Court dated May 4, 2005, Mr. Alpert states he spent eight compensable hours preparing for and attending the oral argument on May 2, 2005, and seeks an additional $3,000.00 in fees.  The Court finds that this is compensable time, consistent with the reasoning above.  Also consistent with the Court's characterization of Goldberg as the client during this phase of the litigation, the Court will not require defendants to compensate him for involvement in preparing for and appearing at the oral argument.

    Mr. Alpert raised the issue of interest during oral argument.  The Court is not persuaded that there should be an award of interest calculated from the date of the settlement, or from any date prior to entry of an Order embodying this decision.  Mr. Alpert provided no authority for an award of interest, and none will be accepted at this late date.  The uncertainty of the Court's schedule prior to deciding this case renders an interest component until a final order is entered burdensome and inappropriate.

    An appropriate Order will be entered.

Dated: May 4, 2005                                        /s/  Katharine S. Hayden, U.S.D.J.

                                                                KATHARINE S. HAYDEN, U.S.D.J.